Alexander Del Gtorho, J.
This is a motion for an order permitting the claimant to file a late claim in accordance with the provisions of subdivision 5 of section 10 of the Court of Claims Act.
Claimant alleges that he sustained personal injuries on July 12, 1960 while undergoing treatment at Lincoln Baths in Saratoga Springs, which was maintained, operated and controlled by the Saratoga Springs Authority. At the time of the occurrence, he was examined by a physician at the bathhouse and advised to consult his own doctor.
On October 7, 1960, claimant’s attorney sent by registered mail, a notice of intention to file a claim, to the Saratoga Springs Authority. This notice was directed solely to the Authority, and in it the State of New York was not named as a defendant.
*299 A notice of intention was not served upon the Attorney-General, nor was it filed with the Clerk of the Court of Claims. Claimant’s attorney alleges that on October 7,1960, he directed his then legal secretary to mail copies of the notice of intention by registered mail to the Attorney-General, to Saratoga Springs Authority and the Clerk of the Court of Claims, and that he assumed she had done so and that the receipts therefor had been returned and filed in his office. Shortly thereafter, that secretary left his employ.
Recently claimant’s attorney assigned this matter to his son-in-law and office associate to prepare a notice of claim, who found no evidence in the file of mailing of the notice of intention to the Clerk of the court or the Attorney-General.
It is alleged further that the granting of this motion would not prejudice the State because the Authority had actual notice of the accident, as well as formal notice as evidenced by the notice of intention mailed to it.
Although no proposed claim is attached to the moving papers, as required by the Court of Claims Act, the caption of the moving papers now designates the State of New York as the defendant.
The State submits a copy of a letter mailed on February 27, 1961 to the claimant’s attorney by the firm of Brackett, Eddy and Dorsey, attorneys for the Travelers Insurance Company, which carries public liability insurance for the Saratoga Springs Authority. The letter acknowledges receipt of a letter of claimant’s attorney to the Authority, dated February 21, and advises that in view of your failure to serve the so called ‘ Notice of Intention to File Claim ’ with the Court of Claims and the Attorney General as required by Section 10, subdivision 3, and Section 11 of the Court of Claims Act, we consider said paper to be a nullity ”.
The State claims also that the delay in filing has caused it substantial prejudice and that claimant’s failure to respond to the letter mentioned in the preceding paragraph would serve as an indication to the only department which had knowledge of the alleged accident that claimant did not intend to pursue his remedy.
The Court of Claims has jurisdiction in tort of the Sara-toga Springs Authority. (Public Authorities Law, § 1607; Rosenberg v. Saratoga Springs Auth., 1 Misc 2d 627.)
The court does not feel that the alleged failure of the secretary of claimant’s attorney to follow his direction as to mailing copies of the notice of intention to the Clerk of the court and to the Attorney-General presents a reasonable excuse for failure *300 to file. In view of the fact that the notice of intention was directed solely to the Authority, and that the present application names the State as a defendant, there is indicated a misapprehension of the proper procedure initially and a newly-acquired knowledge of it at this time. The notice of intention having-been sent to the Authority, a thought as to the tribunal which was to hear the claim normally should have occurred to claimant between that time and the present.
Further, in the exercise of reasonable diligence which under the circumstances might have been expected, claimant should have acted promptly at least upon the receipt of the letter indicating noncompliance with the statutory provisions. A delay of six months from that time to the time of the making of this application cannot be held to constitute promptness.
Claimant has not presented a reasonable excuse for the failure to file the notice of intention. The motion is denied. Submit order.